Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>ALINA VICENTE LÓPEZ<br><br>Apelante | TA2026AP00443 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Caguas, Vista Preliminar<br><br>Civil núm.: E12026VP00594-597 (202)<br><br>Sobre: CP Art. 195.C Grave (2012)<br>CP Art. 199.B Grave (2012) (2), CP Art. 182 Grave (2012) |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de mayo de 2026.

Comparece ante este tribunal apelativo, la Sra. Alina Vicente López (señora Vicente López o peticionaria) mediante el recurso de *apelación* de epígrafe solicitándonos que revisemos la *Resolución* emitida el 23 de abril de 2026 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). Mediante este dictamen, el foro primario declaró *No Ha Lugar* a cuatro (4) mociones presentadas por la peticionaria el 16 de abril de 2026, y ordenó la preparación de la defensa para la Vista Preliminar a ser celebrada el 1 de mayo de 2026.

Por tratarse de una *Resolución*, se acoge el presente recurso como uno de *certiorari* por ser el adecuado en derecho*,* manteniendo el alfanumérico otorgado por nuestra Secretaría.

Por los fundamentos que expondremos a continuación, denegamos el auto de *certiorari* solicitado.

**I.**

En el caso de epígrafe, por la redacción de los escritos ante este tribunal, así como la mezcla de asuntos no pertinentes ni relacionados al proceso penal en el caso de autos, se hace casi imposible realizar un tracto procesal correcto, justo y adecuado. Así y a continuación, procedemos a exponer una relación de hechos estrictamente basada en lo que pudimos entender de los dos escritos presentados ante esta *Curia* por la señora Vicente López.

En algún momento, no especificado por la peticionaria en sus escritos, se inició un proceso penal contra esta por violación a los Artículos 182, 195 (c), y 199 (b) del Código Penal de Puerto Rico. Según informado por la peticionaria reiteradamente, el 3 de marzo de 2026[1], se celebró la vista para determinación de causa probable para arresto, al amparo de la Regla 6 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 6.

Según surge de la *Resolución* recurrida, el 16 de abril de 2026, la señora Vicente López presentó cuatro (4) mociones relacionadas a este proceso judicial. Las referidas mociones fueron intituladas, respectivamente, de la siguiente forma: (1) *Moción Urgente a la Juez Administradora sobre el Derecho a Presentar Prueba a su Favor, y de Impugnación y Citar Testigos;* (2) *Petición Injunction Provisional, Preliminar Permanente y Orden Bajo Regla 56 de Procedimiento Criminal;* (3) *Moción Urgente a la Juez Administradora Región Judicial de Caguas y; (4) Moción Urgente de Inhibición al Juez Administradora de Todos los Jueces de la Región de Caguas (…).*[2]

En la primera de estas mociones, *Moción Urgente a la Juez Administradora sobre el Derecho a Presentar Prueba a su Favor, y de*

---

[1] En el primer escrito la peticionaria hace referencia a que se celebró la vista de la Regla 6 el 7 de abril de 2026 (a la pág. 13). No obstante, en otras instancias de este; así como de la enmienda, y en la súplica de ambos, la señora Vicente López indica que se realizó el 3 de marzo de 2026.

[2] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), Entrada núm. 1, Apéndice 2.

*Impugnación y Citar Testigos,* la señora Vicente López indicó que había solicitado la inhibición de todos los jueces de la Región Judicial y que se le violentó el debido proceso de ley al resolverse en su contra. Por lo que, solicitó al foro primario que, como parte de su derecho a presentar "evidencia, testigos y prueba de refutación", ordenara la citación de una lista de 217 personas como testigos y parte indispensable para la Vista Preliminar.[3]

La segunda moción, *Petición de Injunction Provisional (…),* no fue incluida en el apéndice electrónico del caso.

En la tercera moción, *Moción Urgente a la Juez Administradora Región Judicial de Caguas,* se arguyó que "todos los jueces" de la Región han violentado "severamente" los derechos constitucionales de la señora Vicente López. Por ello, insistió en la inhibición de todos los jueces de la Región Judicial de Caguas y solicitó el traslado a la Región Judicial de Humacao.[4]

En su última moción del 16 de abril, *Moción Urgente de Inhibición al Juez Administradora de Todos los Jueces de la Región de Caguas (…)*, reiteró sus alegaciones de la supuesta violación de derechos constitucionales y, a su vez, planteó que las determinaciones judiciales carecían de validez jurídica, solicitando, nuevamente, la inhibición de todos los jueces y el traslado a la Región Judicial de Humacao.[5]

El 23 de abril de 2026, el TPI emitió la *Resolución*[6] recurrida –cuya fecha de notificación se desconoce– resolviendo lo siguiente:

1. **"Moción Urgente a la Juez Administradora sobre el Derecho a Presentar Prueba a su Favor, y de Impugnación y Citar Testigos"**, presentada el 16 de abril de 2026.
   No ha lugar la solicitud de inclusión de testigos. Véanse Pueblo v. Andaluz Mendez, 143 DPR 656

---

[3] SUMAC TA, Anejos.
[4] *Íd.*
[5] *Íd.*
[6] SUMAC TA, Entrada núm. 1, Apéndice 2. Aun así, para fines de la resolución del recurso determinamos que se instó en tiempo (30 de abril de 2026).

(1997) y Pueblo v. Rivera Cuevas, 181 DPR 699 (2011).

En cuanto a la solicitud de inhibición, aténgase a la Resolución emitida el 15 de abril de 2026 por el Hon. Daniel López González.

2. "**Petición Injunction Provisional, Preliminar Permanente y Orden Bajo Regla 56 de Procedimiento Criminal"**, presentada el 16 de abril de 2026.

   **No ha lugar de plano**. Aténgase a la Resolución del 15 de abril de 2026 emitida por el Hon. Isander Rivera Morales.

3. "**Moción Urgente a la Juez Administradora Región Judicial de Caguas**", presentada el 16 de abril de 2026.

   Aténgase a la Resolución emitida el 10 de abril de 2026 por el Hon. Daniel López González y a la Resolución del 15 de abril de 2026 emitida por el Hon. Isander J. Rivera Morales.

4. "**Moción Urgente de Inhibición al Juez Administrador de Todos los Jueces de la Región Judicial de Caguas ante la Violación de Derechos Constitucionales de Propiedad Protegidos; Ausencia de Jurisdicción y Competencia y Contraria a la Ley entre Otros**", presentada el 16 de abril de 2026.

   Aténgase a la Resolución emitida el 10 de abril de 2026 y a la Resolución del 15 de abril de 2026 emitidas por el Hon. Daniel López González.

(Énfasis en el original y nuestro)

En desacuerdo con lo determinado, el 30 de abril de 2026, la señora Vicente López presentó ante esta *Curia* un escrito intitulado *Apelación.*[7] En un principio, aseguró recurrir de una determinación de causa para arresto en Regla 6 pronunciada, según adujo, el 3 de marzo de 2026. No obstante, adjuntó a su escrito la *Resolución* emitida el 23 de abril de 2026, en la que el TPI resolvió las cuatro (4) mociones presentadas por esta en el proceso penal. Enfatizamos que, contrario a lo aducido en su recurso, la determinación recurrida no guardaba relación con lo expuesto en el escrito.

El 4 de mayo de 2026, la señora Vicente López presentó ante este foro apelativo un nuevo escrito titulado

---

[7] SUMAC TA, Entrada núm. 1.

*Apelación/Enmendada.*[8] Mediante este, entre los cambios introducidos, se encuentra que la peticionaria, incluyó que recurría de la *Resolución* del 23 de abril de 2026 y de la vista de Regla 6, para determinación de causa para arresto, del 3 de marzo. En síntesis, recurrió mediante un recurso de apelación solicitando la revisión de determinaciones que no constituyen propiamente una sentencia disponiendo finalmente del caso.

En el segundo escrito, habiendo establecido que recurría de las determinaciones sobre el proceso penal en su contra, incluyó una solicitud de interdicto provisional al amparo de la Regla 56 de las de Procedimiento civil, para que se ordenara un cese y desista contra la Sra. Lilliam Maldonado sobre una supuesta construcción de una verja que, a su entender, bloquearía el desagüe del pozo séptico. Apuntalamos que la señora Maldonado no es parte del presente proceso penal.

Adicional a ello, mediante una serie de mociones, la peticionaria presentó en diferentes entradas un apéndice fragmentado en el que anejó múltiples documentos, a su entender, relacionados con la controversia ante nuestra consideración. Además, en el escrito incluyó un *Índice del Apéndice* anunciando la presentación electrónica de sobre 145 documentos. Una parte de estos documentos no se encuentran anejados. A su vez, a pesar de recurrir de las determinaciones del proceso penal, casi la totalidad de la documentación en el expediente se relaciona a procesos civiles ya litigados y resueltos.

Precisa subrayar que, en ninguna de las ocho (8) entradas, la señora Vicente López incluyó la determinación de la Regla 6, ni la segunda moción mencionada en la *Resolución* recurrida, *Petición*

---

[8] SUMAC TA, Entrada núm. 2.

*Injunction Provisional, Preliminar Permanente y Orden Bajo Regla 56 de Procedimiento Criminal.*

Finalmente, en su escrito intitulado *Apelación/Enmendada* le imputa al foro primario haber incurrido en los siguientes errores:

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL SALA MUNICIPAL DE GURABO AL HABER VIOLADO LOS DERECHOS CONSTITUCIONALES DE LA SRA. VICENTE Y HABER CELEBRADO LA VISTA DE REGLA 6 EN AUSENCIA CUANDO NO HAB[Í]A JUSTIFICACI[Ó]N PARA ELLO[,] PUES[,] ESTABA DISPONIBLE Y NUNCA FUE CITADA NI NOTIFICADA A SU RESIDENCIA O LUGAR DE TRABAJO Y AL ESTAR FÍSICAMENTE EN EL CUARTEL DE LA POLIC[Í]A DE GURABO LOS D[Í]IAS 23; 25 Y 26 DE FEBRERO DE 2026 EN VIOLACI[Ó]N AL DEBIDO PROCESO DE LEY QUE LE ASISTE AL NO CITARLA NI NOTIFICARLA DE LA ACCI[Ó]N PENAL QUE SE INSTABA EN SU CONTRA.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL NO HABER TRASLADADO EL CASO DESDE EL INICIO QUE DESDE EL 21 DE ENERO DE 2026 CONSTITUYE COSA JUZGADA DE LA PARCIALIDAD MANIFIESTA QUE SE PROBÓ UNA VEZ MAS DE PARTE DEL TRIBUNAL DE CAGUAS YA QUE ANTE LAS ACCIONES DE LOS JUECES INHIBIDOS SE VIOL[Ó] EL PROCESO JUSTO ANTE JUEZ IMPARCIAL AL QUE LA SRA. VICENTE TIENE DERECHO COMO PARTE DEL DEBIDO PROCESO DE LEY Y FUE EL INICIO DE LA CANTIDAD DE VIOLACIONES CONSTITUCIONALES QUE VICI[Ó] EL PROCESO QUE NUNCA DEBI[Ó] OCURRIS [SIC] Y LOS CARGOS NUNCA DEBIERON SER RADICADOS.

ERR[Ó] EL TRIBUNAL DE PRIMRA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL NO ADJUCAR LA REGLA 56 SOLICITADA PARA HACER VALER LA ESCRITURA MATRIZ N[Ú]M. DOS Y LAS SERVIDUMBRES QUE EN ELLA ESTAN ESTABLECIDAS QUE HACEN IMPOSIBLE LOS CARGOS RADICADOS EN ESTA CAUSA YA QUE ES LA DUEÑA DEL INMUEBLE #54 GRAVADO CON LA SERVIDUMBRE DE UTILIDAD P[Ú]BLICA J EN LA PORCI[Ó]N QUE LA AFECTA COMO PREDIO SIRVIENTE ENTRE OTRAS PROPIEDADES Y NO ES CONGRUENTE EL LUGAR CON LAS DENUNCIAS RADICADAS QUE TAMBI[É]N SON CAUSA PARA LA DESESTIMACI[Ó]N DEL PROCESO PENAL INSTADO.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL NO ADJUCAR EL DERECHO QUE TIENE LA SRA[.] VICENTE SOBRE SU PROPIEDAD PRIVADA #54 AFECTADA CON LA SERVIDUMBRE PLUVIAL J COMO PREDIO SIRVIENTE AL CUAL TIENE LIBRE ACCESO COMO PARTE DE SUS DERECHOS DE PROPIEDAD YA QUE LA MISMA ESTÁ DENTRO DE SU PROPIEDAD PRIVADA AL IGUAL QUE AFECTA OTRAS PROPIEDADES PRIVADAS DESDE LA #71 A LA #53.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL NO RESOLVER COMO PROCEDE LA REGLA 56 SOLICITADA QUE INSIDE EN CUALQUIER PRUEBA OBTENIDA SIN ORDEN JUDICIAL DENTRO DE LA PROPIEDAD PRIVADA DE LA SRA. VICENTE Y LA HACE INADMISIBLE DENTRO DE ESTA CAUSA PENAL.

ERR[Ó] EL TRIBUNAL DE INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL SOMETER A LA SRA. VICENTE A LAS DENUNCIAS AQUÍ RADICADAS ANTE LA ORDEN JUDICIAL VIGENTE EMITIDA DESDE EL 25 DE ABRIL DE 2023 PARA LA REMOCIÓN DE LA VERJA QUE BLOQUEA EL DESAGÜE DE LA PROPIEDAD PRIVADA #54 DE LA SRA. VICENTE PARA EL VACIADO DEL POZO SÉPTICO QUE DESACATAN TODOS Y QUE IMPIDE LA CONSTRUCCIÓN DE LA VERJA ILEGAL CONSTRUIDA DENTRO DE SU PROPIEDAD.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL YA QUE ES MEDIANTE DICTAMEN JUDICAL DESDE EL 17 DE JUNIO DE 2026 QUE ESTABLECI[Ó] QUE LA COSNTRUCCI[Ó]N DE LA VERJA DENTRO DE LA PROPIEDAD DE LA SRA. VICENTE Y LA DESTRUCCI[Ó]N DE PARTE DE LA FACHADA DE SU RESIDENCIA PRINCIPAL FUE REALIZADO SIN ORDEN JUDICIAL DICTAMINADO POR EL JUEZ ISANDER RIVERA SIENDO COSA JUZGADA EL 22 DE MAYO DE 2025.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL NO HACER VALER QUE LA RESOLUCI[Ó]N DE ARPE 89-03-890 DESDE EL 22 DE MAYO DE 1989 CEDI[Ó] LAS SERVIDUMBRES GRAVADAS EN LA ESCRITURA MATRIZ INCISO CUATRO ONCE A FAVOR DEL MUNICIPIO DE GURABO SIENDO COSA JUZGADA POR LO QUE POSTERIOR A ESA FECHA NINGÚN DICTAMEN ES VÁLIDO YA QUE EL DESARROLLADOR NO TENÍA CAPACIDAD DE TRANSMITIR DOMINIO NI TITULARIDAD SOBRE EL DERECHO DE SERVIDUMBRE PLUVIAL J DESDE EL 1986 CONFORME A ESCRITURA MATRIZ QUE YA GRAVABA LOS TERRENOS PRIVADOS DE LA URBANIZACIÓN GRAN VISTA.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL NO HACER VALER LA ESCRITURA MATRIZ NÚMERO DOS QUE EN SU INCISO CUATRO DIEZ Y DEJA SIN EFECTO TODO LO AQUÍ RADICADO Y TODO EL CASO GR2020CV00260 ACTIVO ANTE LA CONSIDERACIÓN DE LA REGIÓN JUDICIAL DE HUMACAO.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL NO HACER VALER LA ESCRITURA MATRIZ NÚMERO DOS Y LOS DERECHOS CONSTITUCIONALES DE PROPIEDAD QUE EN ELLA LE SON RECONOCIDOS A LA SRA. VICENTE DENTRO DE SU PROPIEDAD PRIVADA CON LAS

SERVIDUMBRES DE EQUIDAD EN ELLAS ESTABLECIDAS.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL NO HACER VALER LA ESCRITURA MATRIZ NÚMERO DOS Y PRETENDER DESPOJAR A LA SRA. VICENTE DE SUS DERECHOS CONSTITUCIONALES DE PROPIEDAD MEDIANTE UNA ACCIÓN PENAL EN INCUMPLIMENTO CON EL DEBIDO PROCESO DE LEY.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL NO HACER VALER LA ESCRITURA MATRIZ NÚMERO DOS PARA INSTAR EL CASO AQUÍ RADICADO QUE LA QUERELLANTE LILLIAM MALDONADO HA REALIZADO CON DINERO AJENO NO AUTORIZADO PARA SU USO COMO ASÍ ACEPTÓ BAJO JURAMENTO Y ANTE LA PROHIBICIÓN DE QUE LA ASOCIACIÓN DE TITULARES TIENE PROHIBIDO LOS PLEITOS ENTRE TITULARES Y LA RADICACIÓN DE CARGOS ES AJENA A SUS PROPÓSITOS Y EL BIEN COMÚN QUE LILLIAM MALDONADO ACEPTÓ BAJO JURAMENTO NO REPRESENTA AL CONSEJO TITULAR DE LA ASOCIACIÓN DE RESIDENTES GRAN VISTA INC. ÚNICO CON LA CAPACIDAD JURÍDICA PARA COMPARECER A LOS TRIBUNALES.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL NEGARLE EL DERECHO A LA SRA. VICENTE A SU DERECHO DE OBTENER LA COMPARECENCIA COMPULSIVA DE TESTIGOS A SU FAVOR COMO INDICA LA CONSTITUCIÓN ART. II SECCIÓN 11 COMO PARTE DE SU DERECHO A SER OIDA Y PODER PROVEER PRUEBA A SU FAVOR.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL NEGARLE EL DERECHO A LA SRA. VICENTE A SU DERECHO DE OBTENER LA COMPARECENCIA COMPULSIVA DE TESTIGOS A SU FAVOR DE FUNCIONARIOS DE LAS AGENCIAS ADMINISTRATIVAS QUE SON LOS DEL CONOCIMIENTO EXPERTO QUE NO POSEE EL TPI SOBRE LAS SERVIDUMBRES DE EQUIDAD QUE GRAVAN SU PROPIEDAD PRIVADA #54.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL NEGARLE EL DERECHO A LA SRA. VICENTE A QUE RESOLVIERA LA REGLA 64 P EN CUANTO AL CARGO MENOS GRAVE RADICADO Y DEBI[Ó] DE RESOLVERSE MEDIANTE ESA DESESTIMACI[Ó]N.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL ACEPTAR QUE LILLIAM MALDONADO CORDERO Y LOS DEM[Á]S QUERELLANTES <u>SE HAYAN TOMADO LA JUSTICIA EN SUS MANOS, JUNTO A LA POLICÍA DE PR Y FISCALÍA DE CAGUAS</u> ANTE EL HECHO PROBADO DE QUE LA DESTRUCCIÓN A LA PROPIEDAD PRIVADA #54 DE LA SRA. VICENTE <u>FUE DESTRUIDA SIN ORDEN JUDICIAL</u> COMO INDIC[Ó] EL JUEZ ISANDER RIVERA EL 17 DE JUNIO DE 2025

COMO TAMPOCO HAB[Í]A SIDO NOTIFICADO PARA EL 22 DE MAYO DE 2025 Y NADIE PODÍA ESTAR EN LA PROPIEDAD DE LA SRA. VICENTE CUYA NOTIFICACIÓN FUE EL 23 DE MAYO DE 2025 EN LA CUAL LA QUERELLANTE LILLIAM MALDONADO Y LOS DEMÁS TESTIGOS USURPARON; INVADIERON ENTRE OTROS DELITOS REALIZADOS A LA SRA. VICENTE Y A SU PROPIEDAD PRIVADA EN ENTRAMPAMIENTO Y ACTOS ILEGALES.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL ACEPTAR QUE FISCALÍA POR TERCERA VEZ ACEPTE QUE LA POLIC[Í]A DE PR ESCOLTE A LILLIAM MALDONADO, CARLOS MERCADO, CARLOS RODRÍGUEZ Y SU COMPANIA [*sic*] NATURE CARE A SIN ORDEN JUDICIAL USURPAR E INVADIR LA PROPIEDAD GRAVADA DE LA SRA. VICENTE PERMITIENDO QUE LOS ANTES CITADOS PENETREN ILEGALMENTE EN SU PROPIEDAD PRIVADA SIN ORDEN JUDICIAL PARA CONSTRUIR LA VERJA PROHIBIDA SIN ORDEN JUDICIAL QUE PROHIBE LA ORDEN VIGENTE DEL 25 DE ABRIL DE 2023 PARA EL VACIADO DEL POZO SÉPTICO Y SEA AMENZADA QUE DE NO ACCEDER ES ARRESTADA EN SU PROPIEDAD PRIVADA POR VIOLAR UNA ORDEN DE PROTECCIÓN SI DEFIENDE SU PROPIEDAD PRIVADA AL SER LA POLICÍA DE PR DE GURABO Y LA FISCALÍA DE CAGUAS LOS CUSTODIOS DE LA VIOLENCIA HACIA LA SRA. VICENTE.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL ACEPTAR QUE FISCALÍA UTILICE A LA POLICÍA DE PR PARA EJECUTAR ACTOS LEGALES Y NO A LOS ALGUACILES DEL TRIBUNAL QUE TIENEN COMO SUS DEBERES [MINISTERIALES] ESAS FUNCIONES Y SE ASEGURAN DE QUE SE CUMPLAN CON TODOS LOS REQUISITOS PARA LA EJECUCIÓN DE ÓRDENES JUDICIALES QUE LA POLICÍA DE PUERTO RICO DESCONOCE Y NI INVESTIGA.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL ACEPTAR QUE FISCALÍA UTILICE UNAS ALEGACIONES DE CASOS Y DERECHOS REALES DE PROPIEDAD CIVILES Y LOS TRATE DE PROCESAR POR LA VÍA PENAL CUANDO EL JUEZ ASIGANDO AL CASO HA DENEGADO ESA ACCIÓN Y SE PRETENTE DESPOJAR A LA SRA. VICENTE DE SUS DERECHOS CONSTITUCIONALES DE PROPIEDAD PROTEGIDOS.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL ACEPTAR QUE FISCALÍA RADIQUE UN CASO POR EL FRAUDE EN LA APROPIACIÓN ILEGAL DEL DINERO DEL CONSEJO TITULAR QUE DESCONOCE Y NO HA AUTORIZADO A ESE USO A LILLIAM MALDONADO Y DEMÁS TESTIGOS A COMPARECER A SU NOMBRE Y NO LA HA AUTORIZADO AL DESEMBOLSO DE NINGÚN DINERO PARA LA CONSTRUCCIÓN DE NINGUNA VERJA DENTRO DE LA SERVIDUMBRE PLUVIAL J NI DENTRO DE LA PROPIEDAD DE LA SRA. VICENTE QUE SIN ORDEN JUDICIAL PRETENDÍA VOLVER A CONSTRUIR.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL ACEPTAR QUE FISCALÍA RADIQUE UN CASO CUANDO CONOCE QUE LILLIAM MALDONADO Y SUS ESPOSO CARLOS MERCADO UTILIZAN LOS FOROS JUDICIALES Y ESTA CAUSA DONDE TIENEN PERSONAL INTERÉS PARA BENEFICIARSE ECONÓMICAMENTE DE SUS ACCIONES CONTRARIAS A LA LEY Y EL DINERO DE LAS CUOTAS DE MANTENIMENTO DEL CONSEJO TITULAR AL QUE NO REPRESENTAN EN ESPECIAL QUIERE EL REFERIDO MATRIMONIO SEPARAR LA SERVIDUMBRE QUE AFECTA LA PROPIEDAD PRIVADA DE LA SRA. VICENTE YA QUE EL 31 DE MARZO DE 2022 MALDONADO INVADIÓ LA PROPIEDAD DE VICENTE QUE FUE PROCESADA POR AGRESIÓN Y FUE ENCONTRADA NO CUMPLABLE POR LEGÍTIMA DEFENSA, POR LO QUE ES CLARO SU INTERÉS DESTINADO EN COLOCAR UNA VERJA PARA PODER ALEGAR NO INVADÍA LA PROPIEDAD PRIVADA CUANDO LA REALIDAD ES QUE ES LA AUTORA Y EJECUTORA DE ESTE ESQUEMA DE PERSECUCIÓN A ESOS FINES APOYADA POR LOS FUNCIONARIOS PÚBLICOS QUIERE RECIBIR $95,000.00 DÓLARES POR ESA ACCIÓN ILEGAL QUE FUE EL CASO CG2022CV01145 PROHIBIDA EN EL INCISO 19 DEL REGLAMENTO DE LA ASOCIACION.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL NEGARSE A ESTABLECER EL LUGAR DE LOS ALEGADOS HECHOS CON EXACTITUD PARA VOLVER A LITIGAR LO QUE YA ES COSA JUZGADA EN LOS TRIBUNALES, LA LEY, EL [REGLAMENTO] Y LA ESCRITURA MATRIZ Y COMO ESTOS ACTOS HAN SIDO APOYADOS POR LA POLICÍA DE PR Y LA FISCALÍA DE CAGUAS.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ CRASAMENTE DE SU DISCRECIÓN JUDICIAL AL CONTINUAR PERMITIENDO EL PROCESO ILEGAL DE LA SRA. VICENTE QUIEN ES LA VÍCTIMA DE SU VICTIMARIA LILLIAM MALDONADO QUE NO REPRESENTA A NADIE; NADIE LA HA AUTORIZADO A NADA; UTILIZA EL DINERO AJENO DEL CONSEJO TITULAR QUE PERJUDICA A LA ASOCIACIÓN SIN SU AUTORIZACIÓN EN APROPIACIÓN ILEGAL; QUE DESCONOCEN SUS ACCIONES; DONDE SU ESPOSO LLEVA EL PLEITO; TODOS EN FALSA REPRESENTACIÓN Y ALEGACIONES Y SOLO LOS BENEFICIA A ELLOS EN SU CARÁCTER PERSONAL QUE FISCALÍA VALIDA. URGENTEMENTE SE TIENE QUE DEFINIR EL LUGAR DE LOS HECHOS PARA LA ADJUDICACIÓN CORRECTA DE LA RESPONSABILIDAD PENAL QUE NO ES DE LA SRA. VICENTE SI NO DEBEN RESPONDER LOS QUERELLANTES QUE A NADIE REPRESENTAN EN DESACATO A LA ORDEN VIGENTE DE REMOCIÓN DE VERJA Y VACIADO DEL POZO SÉPTICO ANTE CASO ACTIVO GR2020CV00260 QUE PRESENTÓ MALDONADO Y SU ESPOSO PROCESA PARA SU INTERÉS PERSONAL Y LOS RECLAMOS QUE DE ESE CASO HACEN CG2022CV01145 UTILIZANDO EL DINERO DEL CONSEJO TITULAR A QUIENES NO REPRESENTAN Y AQUÍ PRETENDEN COBRAR DE LA SRA. VICENTE CUANDO SON LOS AUTORES;

EJECUTORES Y BENEFICIARIOS DE SUS ACCIONES ILEGALES APOYADAS POR LA POLICÍA DE PR Y FISCALÍA DE CAGUAS.

Como indicamos anteriormente, además de los recursos instados, el 4 de mayo de 2026, la señora Vicente López presentó seis (6) mociones ante este tribunal.[9] En cinco (5) de estas expuso, prácticamente, el mismo contenido. En esencia, indicó tener problemas con la plataforma electrónica del Sistema Unificado para el Manejo de Casos del Tribunal de Apelaciones (SUMAC TA) para presentar videos y audios como anejos. Por lo que, informó que presentaría los anejos que no logró subir de manera separada. Sobre estas mociones, **nos damos por enterados**.

En su sexta moción, intitulada *Moción para Radicar Prueba en Secretaría de Videos y Audios,*[10] solicitó autorización del tribunal para presentar unos anejos de video y audios de manera presencial ante nuestra Secretaría mediante una memoria externa *USB*. En cuanto a la referida moción, la declaramos ***No Ha Lugar***.

Examinado el recurso y el expediente apelativo, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

## II.

### Auto de *Certiorari*

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders at al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005). Para poder ejercer sabiamente nuestra facultad discrecional

---

[9] SUMAC TA, Entradas números 3, 4, 5, 6 y 7.
[10] SUMAC TA, Entrada núm. 8.

en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 63, 215 DPR __ (2025), dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen que emplea el foro apelativo no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020).

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López*, 213 DPR 314,

334-335 (2023); *Ramos v. Wal-Mart,* 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico,* 152 DPR 140, 155 (2000).

### III.

De entrada, según reseñamos, todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado al palio de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* De una lectura de la referida norma, surge que no se encuentran presentes los criterios anteriormente enumerados, por lo que no procede nuestra intervención.

En primer lugar, porque no procede en derecho la atención de controversias civiles a través de un recurso de *certiorari* en un caso criminal. Segundo, no se coloca a este foro apelativo en posición de atender adecuadamente las supuestas controversias. Reiteramos que del tracto procesal que pudimos detallar, no surge cuáles son los hechos imputados que promuevan el caso penal en su contra. Tampoco queda claro, entre toda la narración expuesta por la señora Vicente López, cuáles son los hechos que se encuentran directamente relacionados a los casos civiles y penales anteriores, y los que motivan la presente causa.

En esencia, la peticionaria recurre de una *Resolución* emitida en su contra en un proceso penal, en el que se le acusa de haber incidido en los Artículos 182, 195 (c), y 199 (b) del Código Penal de Puerto Rico. Sin embargo, acude ante esta *Curia* mediante la discusión de derecho civil de casos, a nuestro entender, ya adjudicados o casos pendientes de adjudicación en la sala civil.[11] **Esto, pretendiendo relitigar asuntos civiles en un proceso completamente penal, siendo esto improcedente en derecho**. Es

---

[11] La misma peticionaria informa en la discusión de los errores, sobre una controversia en la que esta se encuentra junto con las supuestas víctimas, según se puede entender del recurso, en el proceso penal. En particular, señala los casos CG2022CV01145, GR2020CV00260, GR2026CV00003, GR2020CV00238, CG2021CV00172, GR2022CV00191, CG2023 CV02905l, y GR2025CV00402.

decir, que la discusión de los errores señalados no se relaciona en forma alguna con la *Resolución* o determinaciones del foro primario que se pretenden recurrir.

De igual manera, la señora Vicente López, arguye que solicita la revisión de una determinación de Regla 6 de causa probable para arresto, pero omite presentar dicha decisión que, a juzgar por lo que se pudo entender, fue emitida el 3 de marzo de 2026. Habiendo transcurrido más de cincuenta (50) días desde que, según aduce, se emitió la determinación. Por ello, no coloca a este foro intermedio en posición de entender las determinaciones recurridas toda vez que no se nos informa cuándo fueron estas notificadas. **Lo que incide directamente sobre nuestra jurisdicción**. Asimismo, falla, entre otros asuntos, al incluir en sus apéndices la denuncia y documentación relevante a la controversia ante nuestra consideración, siendo este un caso penal. Finalmente, incluye en su escrito una solicitud de interdicto provisional, **al amparo de las Reglas de Procedimiento Civil**, nuevamente, **en la revisión de un proceso penal.**

De otra parte, y como previamente explicamos, la *Resolución* de la que dice que se recurre e incluida en el apéndice, versa sobre cuatro mociones presentadas ante el TPI referentes a la inhibición de jueces en el proceso penal en contra de la señora Vicente López, que fueron declaradas *No Ha Lugar*. Sin embargo, en todo su escrito la relación de hechos atañe a situaciones de naturaleza civil, incluso, cita las Reglas de Procedimiento Civil y el Código Civil de Puerto Rico del 2020.

Ahora bien, aun cuando estuviera presente alguno de los criterios esbozados en la Regla 40, *supra*, lo cierto es que el presente recurso, así como su enmienda, incumplen crasamente con algunos de los criterios del Reglamento del Tribunal de Apelaciones para que podamos atender su petición en los méritos.

Al respecto, la Regla 34 de nuestro Reglamento, *supra*, a las págs. 55-57, establece que todo recurso de *certiorari*, deberá contener:

(...)

(C) Cuerpo

(1) Toda solicitud de certiorari contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

(a) En la comparecencia, el nombre de las partes peticionarias.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

(c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, **la fecha en que lo hizo y la fecha en que fue notificada**; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari.

(...)

**(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.**

**(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.**

**(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.**

(g) La súplica.

(...)

(D) Número de páginas

**La solicitud de certiorari no excederá de veinticinco páginas cuando el expediente sea físico y de treinta y cinco páginas cuando el expediente sea electrónico**, exclusive de la certificación de notificación, del índice y del apéndice, salvo que el tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D) del Reglamento.

(E) Apéndice

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes, a saber:

(i)    en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;

**(ii)    en casos criminales, la denuncia y la acusación, si la hubiere.**

**(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.**

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.

**(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a esta.**

**(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.**
[Énfasis nuestro]

En este sentido, reiteramos que el incumplimiento con algunos de los criterios anteriormente mencionados, así como la pobre redacción del recurso en conjunto con la mezcolanza de materias civiles y penales, y la inclusión de los apéndices fragmentados hacen sumamente complicada la comprensión del mismo. **Lo que sin duda alguna imposibilita que podamos ejercer adecuadamente nuestra función revisora.**

Como es conocido, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. Los foros apelativos necesitan que las partes cumplan fiel y estrictamente el trámite prescrito en las leyes y los reglamentos aplicables para el perfeccionamiento de los recursos. Solo así el tribunal podrá tomar una decisión correcta sobre los casos, basada en un expediente

completo y claro de la controversia ante su consideración. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

En fin, examinados los escritos presentados; así como los documentos incluidos en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), colegimos que, al palio de la Regla 40 de nuestro Reglamento, antes citada, procede denegar el presente recurso de *certiorari.*

**IV.**

Por los fundamentos antes expuestos, denegamos el recurso de *certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

El juez Marrero Guerrero está conforme con el resultado y formula la siguiente expresión:

Toda vez que uno de los remedios aparentemente solicitados por la peticionaria es que revisemos una determinación de causa para arresto, considero que dicha solicitud es improcedente, ya que, conforme a nuestro ordenamiento procesal penal, el momento oportuno para presentar una moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, mecanismo que la peticionaria tendría disponible para dichos fines, es luego a la presentación de la acusación por tal delito. Véase, *Pueblo V. Jiménez Cruz*, 145 DPR 803 (1998).

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones